# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| KENDAL ELLIS<br>c/o Briggs Law Firm<br>819 E. North Street<br>Greenville, South Carolina 29601<br><br>And<br><br>HANNAH ROMAN<br>c/o Briggs Law Firm<br>819 E. North Street<br>Greenville, South Carolina 29601<br><br>*On Behalf of Themselves and All*<br>*Other Similarly Situated Individuals*<br><br>PLAINTIFFS[1],<br><br>   v.<br><br>HIGH FIVE MANAGEMENT GROUP, INC.<br>D/B/A THE TROPHY CLUB<br>450 Airport Road<br>Greenville, South Carolina 29607<br><br>SERVE:    Registered Agents, Inc.<br>               6650 River Avenue, Suite 100<br>               Charleston, South Carolina 29405<br><br>DEFENDANT. | Case No.: |

## CLASS AND COLLECTIVE ACTION COMPLAINT

1. This is a class and collective action brought by Plaintiffs Kendal Ellis ("Ellis") and Hannah Roman ("Roman") (together, "Plaintiffs") against Defendant High Five Management Group d/b/a The Trophy Club located at 450 Airport Road Greenville, South Carolina 29607 (hereafter, "Defendant").

---

[1] To avoid retaliation, Plaintiffs have used the mailing address of their attorney.

2. The class and collective is composed of female employees who, during the relevant time period of May 2017 through the date of judgment in this case ("the relevant period"), worked as exotic dancers for Defendant at its Trophy Club Gentlemen's Club in Greenville, South Carolina, and were denied their fundamental rights under applicable state and federal laws.

3. Specifically, Plaintiffs complains that Defendant misclassified Plaintiffs and all other members of the class and collective as "independent contractors."

4. As a result, Defendant unlawfully deducted and assigned wages, tips, and gratuities belonging to Plaintiffs and other members of the class and collective and failed to pay Plaintiffs and all other members of the class and collective minimum wage compensation.

**5.** On a class-wide basis, Defendant willfully and intentionally violated the wage payment and wage/gratuity retention rights of Plaintiffs and all other exotic dancers at the The Trophy Club Club in direct violation of the Federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and the South Carolina Payment of Wage Statutes, S.C. Code Ann. § 41-10-10 et seq.

6. Plaintiffs bring this class and collective action against Defendant seeking damages, back-pay, restitution, liquidated damages, prejudgment interest, reasonable attorney's fees and costs, and all other relief the Court deems just, reasonable and equitable in the circumstances.

## PARTIES AND JURISDICTION

7. Ellis is an adult resident and domiciliary of Seneca, South Carolina.

8. Roman is an adult resident and domiciliary of Conyers, Georgia.

9. Plaintiffs each hereby affirm her consent to participate as plaintiffs and class representatives in a class and collective action under the FLSA and South Carolina state law.

10. Defendant is a corporation, formed under the laws of South Carolina, and operates as The Trophy Club, a strip club operating in Greenville, South Carolina.

11.     At all times, Defendant qualified as Plaintiffs' employer and the employer of all other exotic dancers at Defendant' The Trophy Club within the meaning of the FLSA and South Carolina law.

12.     During the relevant period, Defendant had gross revenue and sales exceeding $500,000.00, sold beer, wine, spirituous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

13.     This Court has personal jurisdiction over Defendant, has "federal question" subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331, has supplemental jurisdiction over the interrelated MMWL and MTL state law claims, and constitutes proper venue pursuant to 28 U.S.C. § 1391.

## FACTS

14.     Ellis was employed by Defendant as an exotic dancer at Defendant's Trophy Club strip club for the period of November 2004 through about January 2019.

15.     Roman was employed by Defendant as an exotic dancer at Defendant's Trophy Club strop club for the period of about June 2015 through about February 2020.

16.     During the period of Plaintiffs' employment, the number of shifts Plaintiffs worked varied from week to week.

17.     During the period of Plaintiffs' employment, the exact number of hours Plaintiffs worked varied from week to week.

18.     On average, Plaintiffs worked three (3) to five (5) shifts per week, for a total of about twenty (20) to thirty (30) or more hours per week.

19.     On information and belief, Defendant is in possession of time and/or sign in "house fee" payment records for Plaintiffs and all other exotic dancers employed by Defendant at the

Trophy Club during the relevant period.

20. At all times, Defendant had actual knowledge of all hours Plaintiffs and all other exotic dancers worked each shift through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising Plaintiffs' work duties and the work duties of other exotic dancers at the Trophy Club.

21. At no time during Plaintiffs' period of employment did Defendant ever pay Plaintiffs or any other exotic dancers any wages for hours that Plaintiffs and other exotic dancers worked each week.

22. At all times relevant, Defendant totally failed to pay wages or any kind of compensation to Plaintiffs and all other exotic dancers for work duties performed.

23. At all times relevant, Defendant misclassified Plaintiffs and all other exotic dancers at the The Trophy Club club as independent contractors when these individuals should have been classified under the FLSA, MMWL, and the MTL as employees.

24. At all times, Defendant controlled all aspects of the job duties Plaintiffs and all other exotic dancers performed inside the The Trophy Club club through employment rules and workplace policies.

25. At all times, Defendant controlled the method by which Plaintiffs and all other exotic dancers could earn money at the The Trophy Club club by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

26. At all times, Defendant required Plaintiffs and other exotic dancers to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendant.

27.     Defendant hired Plaintiffs and all other exotic dancers and had the ability to discipline them, fine them, fire them, and adjust their work schedules.

28.     Defendant, through supervisors and managers, supervised the duties of Plaintiffs and all other exotic dancers to make sure their job performance was of sufficient quality.

29.     Defendant conducted initial interviews and vetting procedures for Plaintiffs and other exotic dancers and, at Defendant' sole discretion, Defendant' management and/or ownership could deny any Plaintiffs or any other dancer access or ability to dance and/or work at the Trophy Club.

30.     At all times, Defendant had the right to suspend or send Plaintiffs or other exotic dancers home and away from the Trophy Club if Plaintiffs or other dancers violated rules or policies or if Defendant' ownership or management, at its discretion, did not want Plaintiffs or any other dancer at Defendant.

31.     As a condition of employment with Defendant, Plaintiffs and other dancers were not required to have or possess any requisite certification, education, or specialized training.

32.     At all times relevant, Defendant were in the business of operating a strip club featuring exotic dancers and at all times it was the job duty of Plaintiffs and each other exotic dancer to perform as exotic dancers for Defendant' customers.

33.     In addition to failing to pay Plaintiffs and all other exotic dancers any wages for hours worked, Defendant required Plaintiffs and all other exotic dancers to pay Defendant a per-shift house fee or kickback of $20.00 to $50.00 or more for each shift worked.  Defendant also required Plaintiffs and other dancers to pay at least $20.00 of their per-shift tips to Defendant's DJ and other non-dancer / non-customarily tipped employees.

34.     As part of their job duties at the Trophy Club, Plaintiffs and other exotic dancers

customarily performed private and semi-private dances for Defendant' customers.

35.  Per Defendant' club policy, when Plaintiffs and other dancers performed private and semi-private dancers, Defendant's customer paid Plaintiffs or the other exotic dancer a club-set fee or charge for the performance of the private or semi-private dance.  Thereafter, and without the customer's knowledge or consent, Defendant assigned and deducted about 30%-50% of the dance charge and kept the money for Defendant' own use and benefit.

36.  At all times during the relevant period, without legal excuse or justification, Defendant regularly and customarily kept and/or assigned tips or gratuities Plaintiffs and other exotic dancers received from Defendant's customers and took this money to pay Defendant' management and non-tipped employees.

37.  For at least the past twenty (20) years, gentlemen's clubs substantially similar to Defendant's Trophy Club  have been sued in South Carolina and elsewhere for misclassifying exotic dancers as independent contractors and failing to pay minimum wage compensation to exotic dancers as required by the FLSA and state wage and hour laws.

38.  On information and belief, Defendant and its management had actual or constructive knowledge of ongoing or past litigation by exotic dancers against strip clubs like the Trophy Club in which the exotic dancers challenged their independent contractor classification and otherwise sought to recover unpaid wages and damages under the FLSA state wage and hour laws.

39.  On information and belief, Defendant and its management had actual or constructive knowledge that Plaintiffs and other exotic dancers at the Trophy Club were employees and not independent contractors.

40.  On information and belief, Defendant and its management had actual or constructive

knowledge that Plaintiffs and other exotic dancers at the Trophy Club were owed and should have been paid minimum wage compensation under the FLSA and South Carolina law.

41. For the entire period relevant to this action, Defendant had actual or constructive knowledge Defendant misclassified Plaintiffs and other exotic dancers at the Trophy Club as independent contractors instead of as employees.

42. For the entire period relevant to this action, Defendant had actual or constructive knowledge that its failure to pay wages and charging unlawful kickbacks against Plaintiffs and other exotic dancers was in direct violation of the FLSA and South Carolina law.

## CLASS ALLEGATIONS

43. Plaintiffs bring this action individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

44. The Rule 23 Class ("the Class") is defined in this matter as:

* Any individual, who at any time during the relevant time period, worked as an exotic dancer for Defendant at the Trophy Club;
* Who was misclassified by Defendant as an independent contractor;
* Who was not paid minimum wage compensation as required by the South Carolina law; and/or
* Who was subject to unlawful wage/gratuity deductions or assignments by Defendant or its agents or assigns (hereinafter, "the Class").

45. On information and belief, the Class are believed to exceed fifty (50) current and former exotic dancers at Defendant's Trophy Club and is therefore so numerous that joinder of all members is impracticable.

46. There are questions of law and fact common to the Class that predominate over any

questions solely affecting individual members, including, but not limited to:

* Whether Defendant violated South Carolina law by classifying all exotic dancers at the Trophy Club as "independent contractors," as opposed to employees, and not paying minimum wage compensation at least equal to the applicable South Carolina Minimum Wage;

* Whether Defendant unlawfully required class members to pay Defendant money or kickbacks as a condition of working shifts at the Trophy Club;

* Whether Defendant unlawfully required class members to split their tips and/or private and semi-private dance fees with Defendant and and/or Defendant's managers;

* Whether the monies given to dancers by patrons when they perform private and semi-private dances are gratuities or "service fees."

* Whether Defendant violated the South Carolina Wage Statutes; and

* The amount of damages and other relief (including statutory liquidated damages) owed by Defendant to Plaintiffs and the Class.

47. Plaintiffs' claims are typical of those of the Class.

48. Plaintiffs, like other members of the Class, was misclassified as an independent contractor and denied her rights to wages and gratuities by Defendant under South Carolina law.

49. Defendant's misclassification of Plaintiffs and denial of their rights to wages and gratuities was done pursuant to a common business practice which affected all Class members in a similar way.

50. The named Plaintiffs and the undersigned counsel are adequate representatives of the Class.

51. Given Plaintiffs' loss, Plaintiffs have the incentive and is committed to the prosecution of this action for the benefit of the Class.

52. Plaintiffs have no interests that are antagonistic to those of the Class or that would cause them to act adversely to the best interests of the Class.

53. Plaintiffs have retained counsel experienced in class and collective actions and, in particular, litigation of wage and hour disputes.

54. This action is maintainable as a class action under Fed. R. Civ .P. 23(b)(1), 23(b)(2), and 23(c)(4) because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant.

55. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

## COLLECTIVE ACTION ALLEGATIONS

56. Plaintiffs is pursuing this lawsuit as collective action under FLSA Section 216(b) on behalf of herself and all other similarly situated individual who at any time during the relevant time period worked for Defendant as an exotic dancer at Defendant's Trophy Club and was designated as an independent contractor and was not paid minimum wage compensation as required by the FLSA (hereinafter, "the Collective").

57. Plaintiffs and the members of the Collective are similarly situated because each were (1) improperly classified as independent contractors; (2) were not paid any wages by Defendant for hours worked; (3) were victims of tip theft whereby Defendant kept and/or assigned to

management their tips and gratuities received from customers; (4) were required to pay per-shift house fee or kickback to Defendant for each shift worked; and (5) were not paid wages at or above the Federal Minimum Wage of $7.25 for each hour worked.

58. Plaintiffs' damages are substantially similar to other members of the Collective because, under the FLSA, each are owed (1) a return of all house fee kickback payments made to Defendant for each shift worked; (2) reimbursement of all tips and gratuities taken and/or assigned by Defendant and/or Defendant' management; (3) payment for all hours worked in an amount equal to the Federal Minimum Wage of $7.25 per hour; plus (4) statutory liquidated damages as provided by Federal law for Defendant' failure to pay minimum wage compensation as required by the FLSA.

59. On information and belief, Defendant has employed at least fifty (50) current and former exotic dancers at Defendant's Trophy Club in the past three (3) years.

60. On information and belief, Defendant is in custody, possession, and control of identifying records relating to all current and former exotic dancers employed by Defendant at the Trophy Club in the past three (3) years.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FLSA
**(Failure to Pay Statutory Minimum Wages)**

61. Plaintiffs hereby incorporate all the preceding paragraphs by reference as if fully set forth herein.

62. The FLSA required Defendant to pay Plaintiffs and other similarly situated exotic dancers at an hourly rate at least equal to the Federal Minimum Wage.

63. The FLSA required that Defendant allow Plaintiffs and other similarly situated exotic

dancers to keep all tips and gratuities received from customers.

64. As set forth above, Defendant failed to pay Plaintiffs and other similarly situated exotic dancers at hourly rates in compliance with the FLSA Federal Minimum Wage requirements.

65. Without legal excuse or justification, Defendant kept and/or assigned to management tips and gratuities received by Plaintiffs and other exotic dancers and belonging to Plaintiffs and other exotic dancers.

66. Defendant's failure to pay Plaintiffs and other similarly situated exotic dancers as required by the FLSA was willful and intentional and was not in good faith.

## COUNT II
### South Carolina Payment of Wage Statutes, S.C. Code Ann. § 41-10-10 et seq.

67.  Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

68. Plaintiffs, individually and on behalf of all others similarly situated, brings a claim for Defendant's violations of the South Carolina Payment of Wage Statutes, S.C. Code Ann. § 41-10-10 et seq. 107.

69. At all relevant times, Defendant have been, and continue to be, "employer[s]" within the meaning of the South Carolina Payment of Wage Statutes, S.C. Code Ann. § 41-10-10 et seq.

70. At all relevant times, Defendant employed, and/or continues to employ, "employee[s]," within the meaning of the South Carolina Payment of Wage Statutes, S.C. Code Ann. § 41-10-10 et seq., including Plaintiffs and all others similarly situated.

71. As set forth above, Defendant misclassified Plaintiffs and other similarly situated exotic dancers as independent contractors and, in so doing, failed to pay them minimum wage compensation as required by the FLSA and South Carolina law.

72. By failing to pay Plaintiffs and other similarly situated exotic dancers minimum wage compensation payments as required by the FLSA and South Carolina law, Defendant have

violated the South Carolina Payment of Wage Statutes, S.C. Code Ann. § 41-10-10 et seq.

73. Defendant failure to pay minimum wage compensation to Plaintiffs and other similarly situated individuals was not a good faith mistake or a product of a bona fide dispute but rather was perpetrated by Defendant with actual or constructive knowledge of illegality.

74. Defendant now owe Plaintiffs and other similarly situated exotic dancers unpaid wages, reimbursement of improper wage and tip deductions and assignments, statutory liquidated damages, reasonable attorney's fees, and costs.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs, individually and on behalf of those similarly situated, prays for relief as follows:

A. Permitting Plaintiffs' Class claims under the MMWL and MTL to proceed as a Class Action under Federal Rule of Civil Procedure 23;

B. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative Plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

C. Judgment against Defendant for failing to pay free and clear minimum wage compensation to Plaintiffs and other similarly situated individuals as required by the South Carolina Wage Statutes;

D. Judgment against Defendant for failing to pay free and clear minimum wage compensation to Plaintiffs and other similarly situated individuals as required by the FLSA;

E. Judgment against Defendant for unlawfully taking and/or assigning tips and gratuities and other monies paid by customers to Plaintiffs and other similarly situated individuals and belonging to Plaintiffs and other similarly situated individuals in violation of the South Carolina

Wage Statutes;

F.  Judgment against Defendant for unlawfully taking deductions, kickbacks, fees, fines, and assignments from wages of Plaintiffs and other similarly situated individuals in violation of the South Carolina Wage Statutes.

G.  Judgment that Defendant's violations of the South Carolina Wage Statutes' minimum wage and wage payments requirements were not the product of good faith on the part of Defendant;

H.  Judgment that Defendant' violations of the FLSA minimum wage requirements were not the product of good faith on the part of Defendant;

I.  Judgment that Defendant' violations of the South Carolina Wage Statutes' minimum wage and wage payment requirements were willful;

J.  Judgment that Defendant's violations of the FLSA minimum wage requirements were willful;

K.  An award to Plaintiffs and those similarly situated in the amount of all free and clear unpaid wages found to be due and owing to Plaintiffs and each similarly situated individual;

L.  An award to Plaintiffs and those similarly situated in the amount of all tips and gratuities and other related monies unlawfully taken and/or assigned by Defendant and/or Defendant's management;

M.  An award to Plaintiffs and those similarly situated in the amount of all deductions, kickbacks, fees, fines, and assignments from wages taken and/or assigned by Defendant and/or Defendant's management;

N.  An award of statutory liquidated damages in amounts prescribed by the South Carolina Wage Statutes;

    O.  An award of statutory liquidated damages in amounts prescribed by the FLSA;

    P.  An award of attorneys' fees and costs to be determined by post-trial petition;

    Q.  Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

    R.  Such further relief as may be necessary and appropriate.

Respectfully submitted,

Dated: May 11, 2020

s/ Samuel J. Briggs, S.C. Fed. Bar No. 12521
The Briggs Law Firm, P.C.
819 E. North Street
Greenville, SC 29601
P: (864)242-4995
F: (864)242-5500
sjbriggs@greenvillelaw.net

Gregg C. Greenberg, MD Fed. Bar No. 17291
(To Be Admitted Pro Hac Vice)
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email:  GGreenberg@ZAGFirm.com

*Counsel for Plaintiffs and the Class / Collective*